1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10    ARTEMIO LOPEZ ESPARZA,          )    Case No. CV 07-3743 PJW
                                      )
11              Plaintiff,            )
                                      )    MEMORANDUM OPINION AND ORDER
12        v.                          )
                                      )
13    MICHAEL J. ASTRUE,              )
      Commissioner of the            )
14    Social Security Administration, )
                                      )
15              Defendant.            )
                                      )
16

17        Before the Court is Plaintiff's appeal of a decision by Defendant

18   Social Security Administration ("the Agency"), denying his application

19   for disability insurance benefits.  For the reasons discussed below,

20   the Agency's decision is REVERSED and the action is REMANDED for

21   further proceedings consistent with this opinion.

22        Plaintiff protectively filed an application for disability

23   insurance benefits on March 2, 2005, alleging that he had been

24   disabled since May 29, 2003.  (Administrative Record ("AR") 84, 140.)

25   After his application was initially denied, he requested and was

26   granted an administrative hearing.  (AR 33.)  Plaintiff appeared with

27   counsel at the hearing on June 5, 2006, and testified before an

28   Administrative Law Judge ("ALJ").  (AR 409-48.)  On June 26, 2006, the

1  ALJ issued a decision denying the application.  (AR 18-27.)  Plaintiff

2  appealed to the Appeals Council, which denied Plaintiff's request for

3  review on April 20, 2007.  (AR 5.)  Plaintiff then commenced this

4  action.

5      Plaintiff raises two claims of error.  He argues first that the

6  ALJ failed to provide clear and convincing reasons for rejecting his

7  allegations of disabling pain.  (Joint Stip. at 3-8.)  Second, he

8  contends that the ALJ erred in rejecting the treating physician's

9  opinion and relying, instead, on the consulting doctor's opinion.

10  (Joint Stip. at 12-20.)  For the following reasons, the Court finds

11  that the ALJ erred on both grounds and orders remand for further

12  proceedings.

13      Plaintiff claimed that his back, neck, shoulder, ankle, and knee

14  have caused him problems ever since he was hurt at his job in 2003.

15  (AR 108-09.)  Plaintiff testified that he had pain "all over" his body

16  all the time.  (AR 414.)  He explained that Vicodin, which he takes

17  two to four times a day, helped relieve the pain.  (AR 415.)

18  According to Plaintiff, he was unable to sit or stand for longer than

19  five or ten minutes and could walk only one or two blocks.  (AR 415.)

20  He also testified that he had no strength in his right hand, and that

21  he can use his hands to grip or grasp for no longer than five or ten

22  minutes.  (AR 416.)  Plaintiff also claimed to use a cane to walk and

23  to balance.  (AR 416.)

24      The ALJ rejected this testimony for four "clear and convincing"

25  reasons:

26      First, the claimant's allegation[s] of severe pain are

27          inconsistent with the record as a whole and are not supported by

28          the objective medical findings in evidence of record.  Second, an

2

1        MRI of the lumbar spine performed November 11, 2005, revealed

2        mild spinal canal narrowing and spinal neuralforaminal

3        encroachment of the L5 exiting nerve root, same at L5-S1 nerve

4        root (Exhibit 12F, page 88).  <u>Third</u>, the claimant has not alleged

5        an inability to provide[] his own personal care.  <u>Fourth</u>, there

6        is no evidence the claimant has undergone regular treatment or

7        therapy consistent with the severity of his complaints for any

8        period of twelve or more continuous months, which could be

9        reasonably expected from [someone] suffering unrelenting pain,

10        debilitating symptoms, and severe functional limitations such as

11        those alleged by the claimant.

12 (AR 24-25.)

13      Though the ALJ did not note this, it is obvious from his decision

14 that he found that Plaintiff's severe impairments (carpal tunnel

15 syndrome, cervical and thoracic sprain, right knee meniscus tears, and

16 right shoulder tendinitis) could produce some pain.  (AR 431-32.)  The

17 ALJ did not find that Plaintiff was a malingerer, nor is there any

18 affirmative evidence that he was.  (AR 431.)  Thus, the ALJ could

19 reject Plaintiff's pain testimony only for specific, clear, and

20 convincing reasons.[1]  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

21 Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281, 1283-84 (9th

22 Cir. 1996)).

23

24

---

25    [1]  The Court notes that the standard the ALJ applied--"clear and
convincing"--is not quite right.  The reasons must also be specific.
26 *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)
("[T]he ALJ can reject the claimant's testimony about the severity of
27 her symptoms only by offering specific, clear, and convincing reasons
for doing so.'" (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th
28 Cir. 1996)).

1    The ALJ's first reason for rejecting Plaintiff's testimony was

2  that it was "inconsistent with the record as a whole and was not

3  supported by the objective medical findings in evidence of record."

4  (AR 25.)  This reason is not specific, clear, or convincing.  It could

5  apply to any social security case.  The parties and the Court have no

6  guidance as to what, specifically, the ALJ was referring to in this

7  431-page record.  In fact, it appears to the Court that most of the

8  medical records--which mostly come from Plaintiff's treating

9  physician--support Plaintiff's testimony.  Further, having accepted

10  that Plaintiff had produced objective medical evidence that his

11  condition might cause some pain, the ALJ could not then reject those

12  allegations of pain on the ground that they were unsupported by the

13  medical evidence.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884

14  (9th Cir. 2006) (noting that the ALJ's justification that claimant's

15  testimony was not consistent with or supported by the overall medical

16  evidence of record was "exactly the type we have previously recognized

17  the regulations prohibit") (citing Social Security Ruling ("SSR")

18  96-7p; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

19  For this reason, this justification is rejected.

20    The ALJ's second reason for questioning Plaintiff's credibility

21  was that a November 11, 2005, MRI of Plaintiff's lumbar spine

22  "revealed mild spinal canal narrowing and spinal neuroforaminal

23  encroachment of the L5 exiting root, same at L5-S1 nerve root."  (AR

24  25.)  The ALJ did not explain why this MRI undermined Plaintiff's

25  testimony and the Court is not sure.  Perhaps, it is because the

26  narrowing of the spinal canal was described as mild.  But the ALJ did

27  not explain this and the Court has no independent basis for finding

28  that a mild narrowing of a spinal canal would not cause pain.  Indeed,

1  in the Court's view, the MRI provides objective evidence that

2  Plaintiff suffers from a condition that is reasonably likely to

3  produce some pain.  Without further explanation, the ALJ's reference

4  to the MRI cannot serve as a clear and convincing reason for rejecting

5  Plaintiff's credibility.

6       The third reason cited by the ALJ was that Plaintiff had not

7  "alleged an inability to provide[] his own personal care."  (AR 25).

8  A disability claimant, however, need not be incapacitated to qualify

9  for benefits.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The

10 Social Security Act does not require that claimants be utterly

11 incapacitated to be eligible for benefits, and many home activities

12 are not easily transferable to what may be the more grueling

13 environment of the workplace, where it might be impossible to

14 periodically rest or take medication") (quoting *Fair v. Bowen*, 885

15 F.2d 597, 603 (9th Cir. 1989)).  Assuming that the ALJ's point was to

16 contrast Plaintiff's claimed limitations with his daily activities,

17 the ALJ failed to make any findings to demonstrate that the two were

18 inconsistent.  *C.f. Fair*, 885 F.2d at 603 (noting allegation of

19 disabling pain may be discredited by specific finding that claimant

20 "is able to spend a substantial part of his day engaged in pursuits

21 involving the performance of physical functions that *are* transferable

22 to a work setting").  Thus, the ALJ's third reason does not support a

23 finding that Plaintiff was not credible.

24      The ALJ's fourth reason for finding Plaintiff not credible was

25 that there was no evidence that Plaintiff had undergone "regular

26 treatment or therapy consistent with the severity of his complaints."

27 (AR 25.)  This is not supported by the record.

28

1    An unexplained or inadequately explained failure to seek
2  treatment or follow a prescribed course of treatment is a relevant
3  factor in assessing pain testimony.  *Meanel v. Apfel*, 172 F.3d 1111,
4  1114 (9th Cir. 1999) (holding claimant's allegation that she
5  "experienced pain approaching the highest level imaginable" was
6  inconsistent with minimal conservative treatment she received); *see*
7  *also Flaten v. Sec. of Health and Human Servs.*, 44 F.3d 1453, 1464
8  (9th Cir. 1995) (holding ALJ entitled to draw inference from general
9  lack of medical care over period of several years).  Here, however, it
10  is not clear that Plaintiff failed to obtain appropriate treatment or
11  therapy.  The medical expert, Dr. Michael Gurvey, testified that
12  Plaintiff had been treated "appropriately" and that Plaintiff had been
13  compliant with his doctor's instructions.  (AR 430-31.)  The ALJ did
14  not make any finding that Plaintiff's treatment was minimal or
15  conservative.  In fact, the record shows that, among other things,
16  Plaintiff received epidural injections in his back and surgery on his
17  right knee and wrist.  (AR 210, 237-38, 383.)  Thus, it appears that
18  Plaintiff's treatment was appropriate for his condition and that he
19  did not fail to undergo treatment recommended by his doctor.  For this
20  reason, this justification for rejecting Plaintiff's credibility is
21  overruled.

22    Having concluded that all four of the ALJ's reasons for rejecting
23  Plaintiff's credibility are not adequate, the Court next turns to the
24  issue of what is the appropriate remedy.  Plaintiff argues that, under
25  *Lingenfelter*, the Court is required to send the case back to the
26  Agency for an award of benefits.  Though *Lingenfelter* can be read to
27  imply that the district court is required to remand for an award of
28  benefits where, as here, the ALJ has failed to provide proper reasons

1 │ for rejecting the claimant's testimony, 504 F.3d at 1041, other Ninth

2 │ Circuit authority holds that the Court has the discretion to remand

3 │ for further proceedings.  *See, e.g., Connett v. Barnhart*, 340 F.3d

4 │ 871, 876 (9th Cir. 2003) (reviewing apparent conflict among Ninth

5 │ Circuit cases on this issue and holding that district court has

6 │ discretion to remand for further proceedings where ALJ's credibility

7 │ finding is in error).  If there is an explanation for these apparently

8 │ inconsistent lines of cases, it would seem that the courts have drawn

9 │ a distinction for those cases where it was clear that the claimant was

10 │ entitled to benefits and those in which it was not so clear.  The case

11 │ at bar falls into the latter category and, therefore, remand is

12 │ appropriate.

13 │      Plaintiff's second claim of error is that the ALJ failed to give

14 │ appropriate weight to the opinion of Plaintiff's treating physician,

15 │ Dr. William J. Mealer.  (Joint Stip. at 12-20.)  This claim also

16 │ requires remand.

17 │      The record reveals that Dr. Mealer, a board-certified

18 │ orthopedist, first examined Plaintiff on July 2, 2003.  (AR 303-12.)

19 │ Dr. Mealer diagnosed Plaintiff with cervical, lumbosacral, abdominal,

20 │ and ankle sprains, and recommended that MRI scans be performed.  (AR

21 │ 309-10.)  Dr. Mealer saw Plaintiff ten more times between August 2003,

22 │ and October 2004.  (AR 316-76.)  On October 25, 2004, Dr. Mealer

23 │ opined that Plaintiff was unable to continue his work as a welder

24 │ because he had lost 50 percent of his pre-injury functional capacity

25 │ and could not work above shoulder level.  (AR 372-74.)

26 │      Dr. Mealer prepared a report in February 2005, concluding in it

27 │ that Plaintiff sustained significant injuries to his neck, lower back,

28 │ right shoulder, right abdomen, right knee, ankles, and right wrist,

1  causing him to be a candidate for right knee arthroscopy and right

2  carpal tunnel release.  (AR 223-24.)  In June 2006, Dr. Mealer

3  completed a physical residual functional capacity questionnaire in

4  which he reported that he saw Plaintiff on a monthly basis; that

5  Plaintiff's prognosis was not good; that Plaintiff was in constant

6  pain that was mostly severe; and that Plaintiff had a significantly

7  reduced range of motion in his lower back and shoulders.  (AR 395-

8  401.)  He assessed functional restrictions consistent with Plaintiff's

9  administrative hearing testimony.  (AR 395-401.)  Dr. Mealer concluded

10 that Plaintiff was temporarily totally disabled.  (AR 400.)

11      The ALJ rejected Dr. Mealer's opinion regarding Plaintiff's

12 limitations for four reasons: 1) the restrictions assessed by Dr.

13 Mealer in the 2006 questionnaire were inconsistent with the

14 restrictions assessed by Dr. Mealer in the 2004 report; 2) Dr.

15 Mealer's opinion was not supported by the totality of the medical

16 evidence or Dr. Mealer's progress notes; 3) Dr. Mealer's testimony was

17 inconsistent with the testimony of the non-examining, non-treating

18 medical expert; and 4) Dr. Mealer included in his report that

19 Plaintiff was disabled, which the ALJ noted was a decision reserved to

20 the Agency.  (AR 24.)  Plaintiff claims this was error.  For the

21 reasons explained below, the Court agrees.

22      It is well-established that, "[b]y rule, the Social Security

23 Administration favors the opinion of a treating physician over non-

24 treating physicians."  *Orn,* 495 F.3d at 631; *see also Aukland v.*

25 *Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001); *Smolen,* 80 F.3d at

26 1285.  A treating physician's opinion as to the nature and severity of

27 an impairment must be given controlling weight if the opinion is well

28

1 supported and not inconsistent with other substantial evidence.   SSR

2 96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

3      Even where a treating physician's opinion is not to be given

4 controlling weight because it is not "well-supported" or because it is

5 inconsistent with other substantial evidence in the record, an ALJ

6 must still consider various factors--including the length, nature, and

7 extent of the treatment relationship; the amount of relevant evidence

8 that supports the opinion; the consistency of the medical opinion with

9 the record as a whole; and the speciality of the physician providing

10 the opinion--in determining what weight to give it.   *Orn*, 495 F.3d at

11 631 (citing 20 C.F.R. § 404.1527 and SSR 96-2p).   Where the treating

12 physician's opinion is contradicted by a non-treating physician's

13 opinion, the ALJ must provide specific and legitimate reasons,

14 supported by substantial evidence in the record, for rejecting the

15 treating doctor's opinion.   *Id*. at 632 (citing *Lester v. Chater*, 81

16 F.3d 821, 830 (9th Cir. 1996)).   Where, however, the non-treating

17 physician is a consulting doctor who never examined the claimant and

18 relies on the same clinical findings as the treating physician to

19 arrive at the opposite conclusion as the treating physician, the

20 consulting doctor's opinion does not amount to substantial evidence.

21 *Id*.

22      The first reason provided by the ALJ for rejecting Dr. Mealer's

23 opinion was that Dr. Mealer found Plaintiff to be significantly more

24 restricted in a 2006 report than he did in a 2004 report.   (AR 24.)

25 In the 2004 report, Dr. Mealer noted that Plaintiff's subjective

26 complaints were consistent with varying degrees of pain, from slight

27 to moderate, that was largely intermittent.   (AR 369.)   Dr. Mealer

28 determined that Plaintiff's capacity to perform various activities was

1  reduced by approximately 50 percent.  (AR 372.)  Dr. Mealer also

2  determined that Plaintiff was unable to perform his usual work.  (AR

3  374.)  Approximately 16 months later, in a 2006 report, Dr. Mealer

4  reported that Plaintiff was in constant pain and that he was

5  substantially more restricted.  (AR 396, 398, 400.)

6       The ALJ concluded that because Dr. Mealer's two reports were

7  different, Dr. Mealer's opinion was entitled to little or no weight.

8  The ALJ failed to discuss, however, how Plaintiff's condition had

9  changed during this period.  Dr. Mealer's progress notes, which the

10  ALJ also did not address, show, for example, that, although Plaintiff

11  had a period of improvement after knee surgery in 2005, he complained

12  of a "lot of pain" in July 2005, and increased pain in his lower back

13  in October 2005.  (AR 275-81.)  On December 1, 2005, Plaintiff

14  complained of "a lot of pain all over his body," which caused Dr.

15  Mealer to note that Plaintiff needed a referral for an injection

16  "ASAP."  (AR 273.)

17       On this record, the Court cannot conclude that the fact that the

18  restrictions in Dr. Mealer's 2004 and 2006 reports were different

19  undermines Dr. Mealer's credibility.  *See Orn*, 495 F.3d at 634

20  ("Consistency does not require similarity in findings over time

21  despite a claimant's evolving medical status.")  Thus, this reason is

22  rejected.

23       The ALJ's second reason for discounting Dr. Mealer's opinion was

24  that it was not supported by the totality of the medical evidence or

25  his own progress notes.  (AR 24.)  Like the ALJ's reliance on

26  generalizations to discount Plaintiff's credibility, the use of

27  generalizations here is equally unpersuasive.  The Court does not know

28  what the ALJ was referring to when he concluded that Dr. Mealer's

1   opinion was not supported by the totality of the medical evidence.

2   Most of the treating records are from Dr. Mealer.  (AR 270-402.)  They

3   seem to support his notions concerning Plaintiff's condition.  The ALJ

4   has not cited a single reference in the record that contradicts Dr.

5   Mealer's opinion.  As such, this reason for rejecting Dr. Mealer's

6   opinion is rejected.

7        The third reason the ALJ provided for concluding that Dr.

8   Mealer's opinion was not entitled to any weight was that Dr. Mealer's

9   opinion was inconsistent with the opinion of the consulting doctor,

10  Dr. Gurvey.  (AR 24.)  Dr. Gurvey's opinion, however, was based

11  primarily on Dr. Mealer's work.  Dr. Gurvey did not examine Plaintiff

12  or perform any tests on him.  He merely read the medical record, the

13  majority of which came from Dr. Mealer, and offered an opinion that

14  was different than Dr. Mealer's.  This is not enough to overcome the

15  presumption that Dr. Mealer's opinion was entitled to deference.  *Orn*,

16  495 F.3d at 633.  Thus, in this case, Dr. Gurvey's conclusions alone

17  could not constitute substantial evidence to support the ALJ's

18  rejection of Dr. Mealer's opinion.  *Id.*

19       The final reason why the ALJ rejected Dr. Mealer's opinion was

20  that Dr. Mealer had concluded that Plaintiff was disabled.  (AR 400.)

21  The ALJ found that this was an issue reserved for the Agency.  (AR

22  24.)  Though it is true that the ultimate decision of whether a

23  claimant is disabled is reserved to the Agency, the fact that a doctor

24  renders an opinion on the issue does not mean that his entire work

25  should be disregarded.  Especially here, where the opinion was offered

26  to an insurance company in connection with a worker's compensation

27  claim, and where, presumably, the insurance company wanted the doctor

28  to offer an opinion on the issue of disability.  In any case, the ALJ

1   should have simply rejected or ignored the disability opinion and

2   looked to Dr. Mealer's other opinions in determining whether Plaintiff

3   was disabled.   For these reasons, this justification is also rejected.

4         Because the ALJ erred in his assessment of Plaintiff's

5   credibility and Dr. Mealer's opinion, the decision is reversed and the

6   case is remanded for further proceedings.

7         IT IS SO ORDERED.

8         DATED:     October __29__, 2008.

9

10

11                                    _____
                                      PATRICK J. WALSH
                                      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   S:\PJW\Cases-Soc Sec\ESPARZ, A 3743\Memo_Opinion.wpd